**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TERRENCE CLAUDELL BAKER,**

**Plaintiff,** :

**v.**

**CITY OF COLUMBUS, OHIO, *et al.*,** :

**Defendants.**

**Case No. 2:26-cv-140**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on the Order and Report and Recommendation ("R&R") issued by the Magistrate Judge on July 31, 2026. (R&R, ECF No. 6.) Therein, the Magistrate Judge granted Terrence Claudell Baker's request to proceed *in forma pauperis* but recommended that the Court dismiss this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted and for lack of subject matter jurisdiction. (*Id.*) Mr. Baker timely filed objections to the R&R. (Obj., ECF No. 7.)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The filing of objections provides the

district court with the opportunity… 'to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 904 (E.D. Mich 2021) (quoting *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Therefore, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Fed'n of Techrs. Loc. 231, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The Court has carefully reviewed Mr. Baker's Complaint, the R&R, and Mr. Baker's Objections, and it addresses each of the Objections in turn:

**Objections 1, 2 and 4:** Three of Mr. Baker's objections address factual disputes that relate to his claims.

Starting with Objection 1, Mr. Baker argues that the R&R made a factual error regarding whether he plausibly alleged that he was not served with the July 11, 2024 Civil Protective Order ("CPO") when he was arrested on December 2. (Obj., PAGEID # 97.) And Objection 4 argues that the R&R improperly drew factual inferences in Defendants' favor. However, even assuming that he is correct and the Magistrate Judge made these two factual errors, it does not change the legal analysis in the R&R. Specifically, as to the CPO, the only claims this "fact" is relevant to is Mr. Baker's claims against the Law Enforcement Officer Defendants. As to his claim that those Defendants falsely arrested him before he was served with the CPO, he fails to allege that that they knew or should have known at the time of his arrest that they did not have probable cause to do so. *See Wesley v.*

*Campbell*, 779 F.3d 421, 429 (6th Cir. 2015) (a false arrest claim requires the plaintiff to plausibly allege facts supporting that his arrest was "unsupported by probable cause"). Similarly, the Magistrate Judge correctly concluded that Mr. Baker's sole allegation regarding his July 2025 arrest (that it occurred while his "children were out of state" and not at his home) fails to plausibly allege that his arrest lacked probable cause and therefore violated his rights. (Compl., PAGEID # 11.)

As to Objection 2, Mr. Baker argues that the R&R did not address an unsigned warrant. (Obj., PAGEID # 101.) He alleges in his Complaint that the warrant that led to his arrest on December 2 did not have a judicial signature. But the lack of a judge's signature does not mean that an arrest warrant is invalid under Ohio law. *See State v. Harrison*, 187 N.E.3d 510, 517–18 (Ohio 2021) (the absence of a signature on an arrest warrant does not render a warrant void *ab initio*). Thus, without more, Mr. Baker's allegation that a warrant lacking judicial signature triggered his arrest is insufficient to state a constitutional violation.

Objections 1, 2, and 4 are **OVERRULED**.

**Objection 3:** Mr. Baker next objects that the R&R did not address his malicious prosecution claim (Count III) or his *Brady* violation claim (Count IV).[1]

---

[1] A *Brady* violation occurs when the prosecution suppresses evidence that is favorable (exculpatory or impeaching) and material to the case, and the suppression is material enough that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Dado*, 759 F.3d 550, 559–60 (6th Cir. 2014) (internal quotation and citation omitted).

(Obj., PAGEID # 102.) He is wrong. The R&R addressed all the claims in his Complaint by grouping them by defendants. His claims against the Franklin County Prosecutor's Office are addressed on Pages 7–9 of the R&R; he brought only official capacity claims against that Office. (*See* Compl., PAGEID # 5.)

Objection 3 is **OVERRULED**.

**Objection 5:** Mr. Baker's fifth Objection is that the *Rooker-Feldman* doctrine does not apply to his claim that the Probation Department Defendants violated his constitutional rights by putting him on GPS monitoring that curtailed his employment and movement. (Obj., PAGEID ## 104–05.) He argues that the doctrine does not apply because there was no final judgment in his state case. (*Id.*)

However, the Sixth Circuit has rejected the argument that *Rooker-Feldman* only applies to state actions that have exhausted all appeals: "the *Rooker-Feldman* doctrine does apply to interlocutory orders and to orders of lower state courts." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 462 (6th Cir. 2003). The GPS restrictions were ordered by a state court as part of Mr. Baker's bond conditions. *See* Franklin County Municipal Court, Case No. 2025 CR B 012130, July 25, 2025 Docket entry. Thus, even though his pretrial bond condition is not a final judgment, that fact is irrelevant to the applicability of the *Rooker-Feldman* doctrine.

Objection 5 is **OVERRULED**.

**Objection 6:** Mr. Baker next objects to the R&R because, he argues, it failed to address the moving-force custom allegations in support of his *Monell* claim (Count VIII). (Obj., PAGEID # 105.)

The Magistrate Judge read Mr. Baker's Complaint to allege that the basis for his *Monell* claim is the failure to take corrective action after he complained about alleged constitutional violations to the City and County. (R&R, PAGEID # 87.) He argues in Objection 6 that his claim is broader than that – he says that he also alleged an antecedent custom "that warrants are executed without confirming judicial signature; that dockets are maintained in which entries go missing and are replaced by unrelated ones; and that prosecutions proceed on substituted orders without proof of service." (Obj., PAGEID # 105.)

Under *Monell*, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J., concurring) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis omitted)). Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *see Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168–69 (1993), the complaint must be sufficient to put the municipality on notice of a plaintiff's theory of liability. *See, e.g., Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at

*2 (W.D. Ky. Mar. 30, 2007). A plaintiff "may not simply include a *Monell* claim in [his] complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the municipality. Rather, Plaintiff must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021) (quotation omitted); *see also Woollard v. Corizon Health, Inc.*, No. 2:18-cv-11529, 2021 WL 2349302, at *12 (E.D. Mich. Jan. 7, 2021) (deeming conclusory the allegation that Corizon enacted a policy or custom of scaling back medical assistive devices to cut costs); *Brown v. Cincinnati Police Dep't*, No. 1:24-cv-316, 2024 WL 5244740, at *1 (S.D. Ohio Dec. 30, 2024) ("A mere conclusory allegation that a municipality employs an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient.") (internal quotations and citation omitted) (McFarland, J.).

Mr. Baker's Complaint falls short of alleging a viable *Monell* claim. His allegations are conclusory at best and are wholly insufficient.

Objection 6 is **OVERRULED**.

**Objection 7:** Finally, Mr. Baker objects to the R&R because it did not grant him leave to amend his complaint and it recommended dismissal of his claims with prejudice. (Obj., PAGEID # 106.)

Ordinarily, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, dismissal of a pro se plaintiff's complaint for failure to state a claim

without leave to amend is appropriate "where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Wolf v. Petrock*, 382 F. App'x 674, 677 (10th Cir. 2010) (citation modified).

Here, amendment of Mr. Baker's Complaint would be futile; his federal claims cannot be saved by an amendment. The documents Mr. Baker attaches to his Objections and those he identifies as forthcoming do not change the analysis.

* * * *

The Court **OVERRULES** Plaintiff's Objections (ECF No. 7), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6), and **DISMISSES** this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted and for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**